IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| HEINZ C. WINZELER,<br><br>    Plaintiff,<br><br>v.<br><br>ISHMEL G. SANCHEZ, FINANCE CAPITAL INVESTMENTS, INC., AARMADAN EQUITY FUND INC., and JASMINDER KAUR PANESAR,<br><br>    Defendants. | No. 2:13cv612  |

## COMPLAINT

Plaintiff Heinz C. Winzeler ("Plaintiff"), by and through his attorneys, brings this action against Defendants Ishmel G. Sanchez, Finance Capital Investments, Inc., Aarmadan Equity Fund Inc., and Jasminder Kaur Panesar (collectively, "Defendants") and, for his Complaint, states as follows:

### PARTIES

1.  Plaintiff is a Swiss citizen residing in Zurich, Switzerland.

2.  Defendant Ishmel G. Sanchez ("Sanchez") holds himself out as a resident of Chesapeake, Virginia.

3.  Defendant Finance Capital Investments, Inc. ("FCI") holds itself out as a corporation located in Chesapeake, Virginia.

4.  Defendant Aarmadan Equity Fund Inc. holds itself out as a corporation located in Alpharetta, Georgia.

5.  Defendant Jasminder Kaur Panesar ("Panesar") holds herself out as a resident of Britain.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Count I of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §78aa because it arises under Section 10(b) of the Securities Exchange Act of 1934. 15 U.S.C. § 78j(b). The Court has supplemental jurisdiction over Counts II through VI pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims in Count I that they form the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District under 28 U.S.C. § 1391(a) and Local Rule 3 because FCI and Sanchez, as parties to the contract giving rise to Plaintiff's claims, held themselves out as located in Chesapeake, Virginia. Pursuant to that contract, Plaintiff wired his investment funds to a bank addressed at 1801 Greenbrier Parkway, Chesapeake, Virginia. Therefore, a substantial part of the events giving rise to this claim occurred in Chesapeake, Virginia.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff was solicited for the investment that is the subject of this action by Defendant Panesar. On March 8, 2011, Plaintiff entered an Advisors Fee Protection Agreement (AFPA) with Panesar as investment advisor. The AFPA required Plaintiff to pay a commission of 20% to Panesar as beneficiary.

9. On March 18, 2011, Plaintiff and Defendants Sanchez and FCI signed a Letter of Agreement (LOA), Assets Investment Management Agreement (AIMA), and Memorandum of Understanding (MOU) (collectively, the "Agreement") for the purpose of funding a debenture in the amount of 35,000,000 Euros.

10. The Agreement provided that Sanchez and FCI (collectively referred to as the "Provider") would serve as an "investment manager" for Plaintiff. The LOA further stated that

Plaintiff and Sanchez/FCI "agree to be partners on this and only this transaction." In the Agreement, Sanchez and FCI agreed to manage and invest $700,000 of Plaintiff's assets.

11. The AIMA specified that Plaintiff was to transfer his assets to a Bank of America account located at 1801 Greenbrier Parkway, Chesapeake, Virginia 23324. Plaintiff transferred his funds to the account number provided in the Agreement.

12. Sanchez and FCI were authorized to trade Plaintiff's assets for 30 days, excluding bank days and closed calendar days. Sanchez/FCI agreed to issue a transaction distribution sheet no later than April 15, 2011.

13. The Agreement provided that Plaintiff was to receive a net 72% return on the credit line value of the investment, to be paid monthly, beginning no later than April 2011.

14. In June 2013, Sanchez represented to Plaintiff that his assets are managed in, and/or that his return on investment will come from, the Aarmadan Equity Fund Inc.

15. Plaintiff has made repeated requests to Defendants Sanchez and Panesar that his investment be returned and that Defendants fulfill their other obligations under the contract. Defendants have failed to fulfill their contractual, fiduciary, or regulatory obligations with respect to Plaintiff's investment.

16. Upon information and belief, Defendants never intended to return Plaintiff's principal investment or any additional investment proceeds.

### COUNT I: VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 (Against Defendants Sanchez, FCI, and Panesar)

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 above as if set forth herein.

18. In connection with the Agreement that Plaintiff entered with Sanchez and FCI, Defendants Sanchez, FCI, and Panesar employed a scheme to defraud Plaintiff by making untrue statements of material fact to Plaintiff regarding the Agreement. In doing so, Defendants Sanchez, FCI, and Panesar engaged in acts, practices, and a course of business which operated as a fraud or deceit upon Plaintiff.

19. Defendants Sanchez, FCI, and Panesar made the above material misrepresentations in connection with Plaintiff's purchase of a security, which included an investment in the debenture referenced in the Agreement.

20. Defendants Sanchez, FCI, and Panesar acted with scienter because they never intended to comply with all their obligations under the Agreement.

21. In reasonable reliance on these misrepresentations, Plaintiff invested $700,000 in the debenture funding opportunity offered by Defendants Sanchez, FCI, and Panesar, and suffered financial losses of at least $670,000 and in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants FCI, Sanchez, and Panesar as follows:

(a) That the Court enter judgment against said Defendants and find that said Defendants violated the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 17 C.F.R. 240.10b-5 promulgated thereunder.

(b) That the Court award compensatory damages to Plaintiff and against said Defendants in an amount to be determined at trial, plus prejudgment interest.

(c) That the Court award Plaintiff his reasonable attorneys' fees pursuant to 15 U.S.C. § 78i(f); and

(d) That the Court grant to Plaintiff such other and additional relief as is just and proper under applicable law.

## COUNT II: VIOLATION OF VIRGINIA UNIFORM SECURITIES ACT
### (Against Defendants Sanchez, FCI, and Panesar)

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 above as if set forth herein.

23. In connection with the Agreement that Plaintiff entered with Sanchez and FCI, Defendants Sanchez, FCI, and Panesar made material misrepresentations to Plaintiff and furnished Plaintiff with documents with material misrepresentations regarding the debenture investment opportunity set forth in the Agreement.

24. Defendants Sanchez, FCI, and Panesar knew that these documents and representations contained material misrepresentations.

25. In reasonable reliance on these misrepresentations, Plaintiff invested $700,000 in the debenture funding opportunity offered by Defendants, and suffered financial losses in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants FCI, Sanchez, and Panesar as follows:

(a) That the Court enter judgment against said Defendants and find that said Defendants violated the Virginia Uniform Securities Act § 13.1-501, *et. seq.*;

(b) That the Court award damages to Plaintiff and against said Defendants in an amount to be determined at trial, plus prejudgment interest pursuant to Va. Code Ann. § 13.1-522(A);

(c) That the Court award Plaintiff his reasonable attorneys' fees pursuant to Va. Code Ann. § 13.1-522(A); and

(d) That the Court grant to Plaintiff such other and additional relief as is just and proper under applicable law.

## COUNT III: BREACH OF CONTRACT
### (Against Defendants Sanchez and FCI)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if set forth herein.

27. As set forth above, Defendants Sanchez and FCI entered an Agreement with Plaintiff to manage and invest his assets. Under this Agreement, Defendants agreed to, *inter alia*, (a) issue a transaction distribution sheet no later than April 15, 2011; and (b) pay a return on the investment according to the schedule set forth in the LOA.

28. Defendants Sanchez and FCI breached the Agreement by failing to account for Plaintiff's investment, return funds that Plaintiff is entitled to, or meet their other contractual obligations under the Agreement.

29. As a result, Plaintiff has suffered financial losses in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants Sanchez and FCI, as follows:

(a) That the Court enter judgment against Defendants Sanchez and FCI, and find that said Defendants breached their Agreement with Plaintiff;

(b) That the Court award damages to Plaintiff and against Defendants in an amount to be determined at trial, plus prejudgment interest; and

(c) That the Court grant to Plaintiff such other and additional relief as is just and proper under applicable law.

## COUNT IV: BREACH OF FIDUCIARY DUTY
## (Against Defendants Sanchez and FCI)

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as if set forth herein.

31. As Plaintiff's investment managers, Defendants Sanchez and FCI had a fiduciary relationship with Plaintiff and held a position of trust with Plaintiff.

32. Defendants Sanchez and FCI breached their fiduciary duty to Plaintiff by failing to manage Plaintiff's assets in his interest and in accordance with their contractual obligations.

33. As a result, Plaintiff has suffered financial losses in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants Sanchez and FCI as follows:

(a) That the Court enter judgment against said Defendants and find that said Defendants breached their fiduciary duty to Plaintiff;

(b) That the Court award damages to Plaintiff and against said Defendants in an amount to be determined at trial, plus prejudgment interest; and

(c) That the Court grant to Plaintiff such other and additional relief as is just and proper under applicable law.

## COUNT V: FRAUD AND FRAUDULENT INDUCEMENT
## (Against Defendants Sanchez, FCI, and Panesar)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 above as if set forth herein.

35. Defendants FCI, Sanchez and Panesar participated in a scheme to deceive Plaintiff by offering him an investment opportunity and soliciting $700,000 of his assets when, in

fact, they did not intend to comply with their obligations under the Agreement and applicable law.

36. Plaintiff relied on Defendants' representations that the Agreement was a legitimate investment opportunity and that he would receive the promised return on his investment.

37. As a result, Plaintiff has suffered financial losses in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants FCI, Sanchez, and Panesar as follows:

(a) That the Court enter judgment against said Defendants, and find that said Defendants committed fraud against Plaintiff;

(b) That the Court rescind the Agreement and award damages to Plaintiff and against Defendants in an amount to be determined at trial, plus prejudgment interest; and

(c) That the Court grant to Plaintiff such other and additional relief as is just and proper under applicable law.

## COUNT VI: CONVERSION
## (Against All Defendants)

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 above as if set forth herein.

39. Plaintiff is entitled to the remainder of his $700,000 investment as set forth above.

40. Defendants intentionally interfered with and obstructed Plaintiff's right to the return of his investment, and have deprived him of the use of those funds.

41. As a result, Plaintiff has suffered financial losses in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants as follows:

(a) That the Court enter judgment against all Defendants and find that Defendants unlawfully converted Plaintiff's funds;

(b) That the Court award damages to Plaintiff and against Defendants in an amount to be determined at trial, plus prejudgment interest; and

(c) That the Court grant to Plaintiff such other and additional relief as is just and proper under applicable law.

DATED: November 13, 2013

Respectfully submitted,

John K. Roche (VSB#68594)
Perkins Coie, LLP
700 13th Street, NW, Suite 600
Washington, DC  20005-3960
Telephone:  (202) 434-1627
Facsimile:  (202) 654-9106
E-Mail:  jroche@perkinscoie.com

Jose A. Lopez
Charles W. Mulaney
(*pro hac vice* applications forthcoming)
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, IL 60603
Telephone:  (312) 324-8400
Facsimile:  (312) 324-9400
E-Mail:  jlopez@perkinscoie.com
cmulaney@perkinscoie.com

*Counsel for Plaintiff*