UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HEINZ C. WINZELER,
        Plaintiff,

v.                                          Civil Action No. 2:13cv612

ISHMEL G. SANCHEZ, et al.

        Defendants.

[FILED SEP -9 2015, CLERK, U.S. DISTRICT COURT, NORFOLK, VA]

### ORDER

Pursuant to the Court's July 28, 2015 Order, default judgment was entered against Defendant Finance Capital Investments ("Finance") for Plaintiff's breach of contract claim, and Summary Judgment was entered against Defendant Ishmel G. Sanchez ("Mr. Sanchez") for Plaintiff's breach of contract claim. ECF No. 23. On August 31, 2015, Plaintiff and Defendant Sanchez notified the Court that the parties have reached a stipulation regarding damages owed. *See* Notice of Stipulation, ECF No. 25.

The stipulation purports to be an agreement between Plaintiff, Defendant Sanchez and Defendant Finance. However, the agreement is endorsed only by Plaintiff and Mr. Sanchez. Mr. Sanchez has previously attempted to file pleadings on behalf of Defendant Finance, and this Court has reminded him that although Mr. Sanchez may represent himself *pro se*, "a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Nevertheless, because the Court has entered Default Judgment against Defendant Finance, the Court has discretion to impose damages as to that Defendant so long as the damages do not exceed the amount demanded in the pleadings. *See* Fed. R. Civ. P. 54(c).

In accordance with the parties' stipulation, the Plaintiff is hereby **AWARDED** the sum of six hundred and seventy thousand dollars ($670,000.00), plus pre-judgment and post-judgment interest at the rate provided by 28 U.S.C. § 1961.

The Clerk shall enter Judgment in this amount against Defendants Finance Capital Investments and Ishmel Sanchez. In accordance with Federal Rule of Civil Procedure 54(b), although the Court has entered default judgment on fewer than all of the claims presented, the Court concludes that there is no "just reason for a delay" in entering Judgment, especially in light of the parties' stipulation. Should Plaintiff wish to proceed on the remaining claims in his Complaint, he must notify the Court of such intent or file a Notice of Dismissal with prejudice for the remaining claims before September 14, 2015.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

Sept 9th, 2015
Newport News, Virginia